UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN GASCA E. DE LOS M.,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CIVIL RIGHTS (MDCR),

        Defendant.
_____/

Civil Action No. 23-10683

Mark A. Goldsmith
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION TO DISMISS (ECF NO. 5)**

**I.  REPORT**

    **A.  Background**

*Pro se* plaintiff Benjamin Gasca E. de los M. ("Gasca") brings this action against the Michigan Department of Civil Rights ("MDCR") under 42 U.S.C § 1983 for "neglect[ing] to protect [his] mental integrity, refusing the opportunity to determine, prevent the psychological harassment and exposing [him] intentionally to discrimination and psychological damage for an unreasonable and excessive period of time despite two warnings in violation of the 4th Amendment of the U.S. Constitution." (ECF No. 1, PageID.3-4). Specifically, Gasca alleges that the MDCR failed to investigate two different complaints he submitted to it involving "spoofed email, email intrusion, computer intrusion, psychological harassment based on the computer intrusion and psychological harassment from [] the work place" as well as "mental abuse by subliminal messages with

either brain tunning [sic] or commanding messages with criminal intent … at the work place[.]" (*Id.*, PageID.2, 3). Gasca requests that he be awarded monetary relief – specifically, $16,070,013.00 in alleged damages. (*Id.*, PageID.4). This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 8).

This is the second action Gasca has filed in the Eastern District of Michigan alleging that the MDCR failed to investigate his complaints about psychological manipulation. (*See Gasca v. Federal Bureau of Investigation,* Case No. 22-10978) ("*Gasca I*").[1] On January 18, 2023, then-Magistrate Judge Jonathan J.C. Grey issued a Report and Recommendation to dismiss with prejudice *Gasca I* against the State of Michigan (of which the MDCR is an instrumentality) because the claims Gasca asserted against it were barred by the State's sovereign immunity. (*Gasca I*, ECF No. 15). Gasca did not object to that recommendation, which was adopted on February 8, 2023. (*Id.*, ECF No. 18). Shortly thereafter, on March 23, 2023, Gasca filed this action. (ECF No. 1).

On April 25, 2023, the MDCR filed a motion to dismiss this action under Fed. R. Civ. P. 12(b)(1), arguing that, as in *Gasca I*, Gasca's claims are barred by the State's sovereign immunity under the Eleventh Amendment. (ECF No. 5, PageID.28-30).[2]

---

[1] Although the caption in *Gasca I* identifies only the Federal Bureau of Investigation as a defendant, the body of Gasca's complaint in that case made clear he was also challenging actions of the MDCR, and Gasca served a copy of that complaint on Michigan's Attorney General, Dana Nessel. Thus, the Court construed Gasca to be asserting claims against both the FBI and the MDCR. (*Gasca I*, ECF No. 15, PageID.134).

[2] In its motion to dismiss, MDCR also included arguments under Rule 12(b)(6) for failure to state a claim, claim preclusion, and issue preclusion. (ECF No. 5, PageID.28-36). Because the Court should dismiss the claims based on MDCR's Eleventh Amendment argument, it is not necessary to address these additional arguments.

B.  **Legal Standard**

Federal courts are courts of limited jurisdiction and may only hear cases over which they have subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Fed. R. Civ. P. 12(b)(1) allows for dismissal of an action for lack of subject-matter jurisdiction over the plaintiff's claims. A 12(b)(1) motion asserting a facial challenge to subject matter jurisdiction asks the Court to find that even if the allegations in the complaint are true, the pleadings are not sufficient to establish the Court's subject matter jurisdiction. *Ohio Nat Life Ins Co v. United States*, 922 F.2d 320, 324 (6th Cir. 1990). The Sixth Circuit Court of Appeals has recognized a 12(b)(1) motion to dismiss as an appropriate way for a state to invoke its sovereign immunity. *See Nair v. Oakland County Community Mental Health Authority*, 443 F.3d 469, 476 (6th Cir. 2006). *See also Lee Testing & Engineering, Inc. v. Ohio Dept. of Transp.*, 855 F.Supp.2d 722, 725 (S.D. Ohio, 2012) ("A motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is a proper vehicle to assert Eleventh Amendment immunity.").

C.  **Analysis**

In its motion to dismiss, the MDCR argues that dismissal under Fed. R. Civ. P 12(b)(1) is proper because Gasca's claims are barred by the Eleventh Amendment. (ECF No. 5, PageID.28-30). The Eleventh Amendment to the United States Constitution bars private individuals from suing a state for money damages in federal court unless the state consents or Congress has otherwise abrogated the state's immunity. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-101 (1984); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). A state only waives its

immunity when it "clearly declares that it intends to submit itself to the jurisdiction of the federal courts" with an unequivocal waiver. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 667 (1999). Congress may only abrogate state sovereign immunity through legislation enforcing the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). 42 U.S.C. § 1983 does not suffice. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

A state's sovereign immunity extends to bar any lawsuit where damages would be paid from the state treasury, including lawsuits against state instrumentalities. *See Edelman*, 415 U.S. at 663. As Magistrate Judge Grey held in *Gasca I*, the MDCR is an "instrumentality of the state of Michigan" and is thus entitled to invoke sovereign immunity with respect to Gasca's Section 1983 claim against it. (*Gasca I*, ECF No. 15, PageID.137) (citing M.C.L. § 16.575 (statute creating the Michigan Department of Civil Rights)).

In this case, the MDCR correctly argues that "[the] Eleventh Amendment immunity accorded to the MDCR … has not been abrogated by Congress," nor has the State "waived its Eleventh Amendment immunity" or "consented to subject itself to this lawsuit." (ECF No. 5, PageID.29-30). The MDCR thus properly invokes its Eleventh Amendment immunity to dismiss this case. *Emery v. Mich. Dep't of Civil Rights*, No. 15-11467, 2016 WL 1090429, at *2 (E.D. Mich. Mar. 21, 2016) ("[I]t is clear that Plaintiff's ADA claims against Defendant MDCR are barred by Eleventh Amendment immunity…."); *Clark v. Lafayette Place Lofts*, No. 14-12519, 2015 WL 871659, at *4 (E.D. Mich. Feb. 26, 2015) ("Plaintiff's claim against the MDCR is squarely barred by the Eleventh Amendment"). Gasca has not identified any case law or other legal authority showing that the State has

waived its sovereign immunity or that Congress has abrogated the State's immunity. Indeed, Gasca's response to the motion to dismiss (ECF No. 6) provides no support to overcome the MDCR's sovereign immunity defense.

Finally, in its motion, the MDCR requests "an award for costs and fees incurred in defense of this groundless action." (ECF No. 5, PageID.37). Due to Gasca's status as a *pro se* plaintiff, the Court must hold his pleadings to a less stringent standard than formal pleadings by an attorney, which mitigates against an award of sanctions in this case. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Moreover, Gasca's assertion that he was harassed by "subliminal messages" and "brain tunning [sic]" suggests his pleadings may be a product of something other than ill intent. Thus, no sanctions should be imposed against Gasca at this time. However, Gasca should be cautioned that if he files another substantially similar action against the State of Michigan or its instrumentalities, he may face monetary or injunctive sanctions as the Court deems appropriate.

## II.   RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the MDCR's Motion to Dismiss **(ECF No. 5)** be **GRANTED** and Gasca's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

Dated: June 26, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager