UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMEN GASCA E. DE LOS M.,

                                                    Case No. 23-cv-10683

        Plaintiff,

vs.                                                 HON. MARK A. GOLDSMITH

MICHIGAN DEPARTMENT OF CIVIL RIGHTS,

        Defendant.
_____/

**ORDER (1) ACCEPTING RECOMMENDATIONS IN MAGISTRATE JUDGE'S
REPORT & RECOMMENDATION (R&R) (Dkt. 10), (2) DENYING PLAINTIFF'S
OBJECTIONS TO R&R (Dkt. 11), AND (3) GRANTING DEFENDANT'S MOTION TO
DISMISS (Dkt. 5)**

        Before the Court is the report and recommendation (R&R) of Magistrate Judge David

Grand (Dkt. 10) recommending that this Court grant the motion to dismiss filed by Defendant

Michigan Department of Civil Rights (MDCR) (Dkt. 5).  Plaintiff Benjamin Gasca E. de los M.

filed a document that the Court construes as objections to the R&R (Dkt. 11).  The Court accepts

the R&R's recommendations, denies Gasca's objections, and grants MDCR's motion to dismiss.

        As the magistrate judge explains, Gasca brought this suit under 42 U.S.C § 1983 asserting

the following allegations:

> [T]he MDCR failed to investigate two different complaints he submitted to it
> involving "spoofed email, email intrusion, computer intrusion, psychological
> harassment based on the computer intrusion and psychological harassment from []
> the work place" as well as "mental abuse by subliminal messages with either brain
> tunning [sic] or commanding messages with criminal intent ... at the work place[.]"

R&R at 1–2 (quoting Compl. at PageID.2–3).  Gasca requests monetary relief in the amount of

$16,070,013.  Id. at 2 (citing Compl. at PageID.4).

        The magistrate judge recommends that the Court grant the MDCR's motion to dismiss

because Gasca's claims are barred by the Eleventh Amendment.  Id. at 3–5.  The Eleventh

1

Amendment bars private individuals from suing a state for money damages in federal court unless the state consents or Congress has otherwise abrogated the state's immunity.  See id. at 3 (citing Seminole Tribe of Fla. v. Fla., 517 U.S. 44 (1996)).  As the cases cited in the R&R amply demonstrate, the MDCR is an instrumentality of the state of Michigan that may invoke Eleventh Amendment sovereign immunity.  See, e.g., Clark v. Lafayette Place Lofts, No. 14-12519, 2015 WL 871659, at *1 (E.D. Mich. Feb. 26, 2015) (granting MDCR's motion to dismiss, explaining: "The Eleventh Amendment to the United States Constitution bars Plaintiff's claims against this department of the State of Michigan.").

Gasca filed one document after service of the R&R: a document labeled "response to motion" that the Court construes as timely objections to the R&R.  See Obj. at 1 (capitalization modified).  Gasca does not mention the R&R or list any specific objections to the R&R; rather, he appears to reiterate his allegations.  See, e.g., id. at 4 ("[D]espite the Deffendant was informed about the type of harasment the Plainiff was being exposed to at the work place then the Deffendant evaded its responsibility by at least investigate the incidents [sic].").  Having failed to make any specific objections, Gasca has waived his objections to the issues presented by R&R.[1]

Further, on their merits, Gasca's objections fail to address the fundamental recommended finding of the R&R: that the MDCR is entitled to sovereign immunity under the Eleventh Amendment.  The magistrate judge is correct.  The MDCR is a department of the state that has not consented to suit, and Congress has not abrogated immunity by statute, so the Eleventh Amendment bars Gasca's claims for money damages against the MDCR.  See Seminole Tribe., 517 U.S. at 54; Clark, 2015 WL 871659, at *1.

---

[1] The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review . . . .") (punctuation modified).  Absent a specific objection, the issue is waived.  Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991).

The Court accepts the R&R's recommendations (Dkt. 10), denies Gasca's objections (Dkt. 11), and grants MDCR's motion to dismiss (Dkt. 5).

SO ORDERED.

Dated:  September 6, 2023                          s/Mark A. Goldsmith
          Detroit, Michigan                          MARK A. GOLDSMITH
                                     United States District Judge